# SUPREME COURT.

JULY TERM, 1883.

HON. ROGER S. GREENE............................CHIEF JUSTICE.
HON. SAMUEL C. WINGARD...........ASSOCIATE JUSTICE.
HON. JOHN P. HOYT....................ASSOCIATE JUSTICE.
MR. R. G. O'BRIEN........ .........................CLERK.

## CRAWFORD & HARRINGTON, PLAINTIFFS IN ERROR,

*v.*

## GEORGE O. HALLER, DEFENDANT IN ERROR.

The provisions of Section 459 of the Code, that the clerk shall forthwith, upon payment of his fees, transmit a transcript of the record in the cause, does not cast upon the clerk any unreasonable instantaneousness of action, nor does it, together with the connected words, take from appellant the right, nor relieve him from the duty, of looking after and supervising, nor abridge the privilege of interrupting, the preparation of his transcript.

The obvious intent of the language of said section is, that the clerk shall as quickly as may reasonably be, consistently with the nature of the record and the appellant's actions and directions, send up the transcript.

Failure of the transcript to reach this Court speedily, even after payment of fees, is not to be imputed to negligence of the clerk, until the presumption that he has acted as he ought is fairly rebutted.

Under Section 453 of the Code, a party to a judgment has a full six months within which to decide whether he will appeal.

If the six months allowed for appeal expires within the thirty days required before the commencement of the term for service of the notice of appeal, or the fifteen days for filing the transcript, no fault could be attributed to the appellant, if the failure to do either in time depended on that date.

Such a case, and all others, where, through any circumstances beyond his control, the statutory provisions of Section 460 may not have been observed, are met and provided for in that clause of the section which says that, either of these provisions failing, there shall be no trial at the return term, unless by consent.

Provision is made in Section 460, where omission or tardiness in filing transcript has happened through some circumstance not under appellant's control, or otherwise excusable; and in Section 461, provision is made for the rights of the appellee, in cases where the same was under appellant's control.

II. Wash.—11.

Great weight should be given to the liberal provisions of our Code, but the
 provisions of the section are not meant in any case to shield a man from
 inexcusable neglect.

Appellants failing to show any excuse whatever for failure to file the tran-
 script in time, the cause is dismissed.

ERROR, to Third Judicial District, holding terms at Seattle.

*Struve & Haines*, and *J. R. Lewis*, for Plaintiffs in error.

*G. Morris Haller*, and *McNaught, Ferry, McNaught &
Mitchell*, for Defendant in error.

Opinion by GREENE, Chief Justice.

The transcript in this cause was filed less than fifteen days be-
fore the term, and was unaccompanied by any authenticated
copy of the notice of appeal.   On account of a want of compli-
ance in these respects with Sections 459 and 460 of the Code,
appellee moved to dismiss the appeal.   Hearing of this motion
was continued, and meantime leave was given to appellants, by
a day certain, to bring in a duly certified copy of the appeal no-
tice, and to show themselves guiltless of inexcusable *laches* in
not having the transcript filed sooner.   Afterwards, on the set
day, appellants filed the certified copy of notice, but failed, and
still fail, to make the proposed showing.   Very earnestly they
contend that no showing is necessary; each party, after full ar-
gument, submits the motion.   Resort must be had to a number
of sections of our Code, in order to determine intelligently the
questions involved.

Especially applicable, and entirely decisive to our mind, are
the various provisions of the Code touching the taking of ap-
peals, and the curing of defects and informalities.

Section 453 begins with a clause which fixes six months next
after judgment, as the period within which an appeal must be
taken.

Putting the case at bar to a computation, we find that the six
months had elapsed on the fourth day of last May, sixty-six
days before this term commenced.   Embraced in Section 458 is
a clause which prescribes that an appeal " shall be taken by fil-
ing with the clerk of the Court in which the judgment or order
appealed from is entered, a notice, stating the appeal from the

same, or some specific part thereof, and serving a copy of said notice on the adverse party or his attorney." Continuing the subject of taking an appeal, Section 459 says that "an appeal shall not be perfected until the notice shall be served on the adverse party or his attorney of record"; and then proceeds to provide that, "upon payment of his fees, the clerk shall forthwith transmit a transcript of the record in the cause." The word "forthwith," in this Section 459, does not cast on the clerk any unreasonable instantaneousness of action; nor does it, together with the connected words, take from appellant the right, nor relieve him from the duty, of looking after and supervising, or abridge his privilege of interrupting, the preparation of his transcript. Obviously, the intent of the language is that the clerk shall, as quickly as may reasonably be consistent with the nature of the record, and the appellant's actions and directions, send up the transcript. Failure of the transcript to reach this Court speedily, even after payment of fees, is not to be imputed to negligence of the clerk, until the presumption that he has acted as he ought to is fairly rebutted.

Passing to Sections 460 and 461, we find the former enacting that the notice "must be served at least thirty days, and the cause docketed at least fifteen days, before the first day of the next term of the Supreme Court, or the same shall not then be tried, unless by the consent of the parties"; and the latter, that if the appellant fails to file a transcript and have the same docketed, as provided in the preceding section, the appellee may file a certified copy of the judgment or order appealed from, and of the notice served, and on motion have the appeal dismissed; provided, that when the failure to file the transcript is owing to the fault or omission of the clerk of either the appellate or inferior Court, or other circumstance over which the appellant has no control, the Court shall not dismiss the cause, but shall fix such time for hearing the same as shall insure a fair trial." Effect must be given to both these last two sections, and such that they shall not conflict. Referring to Section 453, we see that a party to a judgment in the District Court has a full six months within which to decide whether he will appeal. Six months may expire, and consequently his decision to appeal may occur when the time remaining before the next

term of the Supreme Court is too short to admit of a service of notice and filing of transcript. Outside the periods limited in Section 460, over the date of expiration of his statutory time for appeal, appellant has no control. No fault, therefore, could be attributed to him if the failure to file in time depended upon that date.

Such a case, and all other cases where, through any circumstances beyond his control, the statutory periods of Section 460 may not have been observed, are met and provided for in that clause of the section which says that, either of those periods failing, there shall be no trial at the return term, unless by consent.

In Section 460, provision is thus made for the rights of parties, whenever tardiness or omission of service or filing has happened from some circumstance not under appellant's control, or otherwise excusable ; while in Section 461, provision is made for the rights of the appellee, in cases where such tardiness or omission is owing to any circumstance which was under appellant's control.

Section 461 manifestly contemplates that there shall be a dismissal under certain circumstances, and plainly intends that those circumstances shall be adjudged to exist, where there is inexcusable negligence on the part of the appellant. Nothing of value in the way of interpretation or construction can, as we think, be got from gazing at the narrow, literal purview of the first half of Section 461. Our opinion is that the question thence arising, whether or not there is a total omission or only a mere delay, is entirely a barren one. The Legislature is here dealing with very grave interests, that surely ought not and cannot be intended to turn on a consideration which is not of the slightest practical importance. Great weight, no doubt, in construing this and the preceding sections, should be given to the liberal provisions of our Code ; and particularly those of Section 466, regarding defaults, defects, and informalities.

On careful review of those provisions, however, it will be easily gathered that they are not inexcusable neglect. Our duty is to apply those provisions generously to aid all proper cases, but not to extend them to situations they were never meant to cover. Defendants below (appellants here), while showing no

excuse whatever for their failure to file their transcript in time, would, were this motion denied, succeed in putting the appellee to an injurious election, either to argue this cause at this term without the full statutory time for preparation, or to have determination of his suit, and perhaps collection of his demand, postponed at least a year.